[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Patricia L. Blue, whose maiden name was DeLamotte, and the defendant, Ernest Blue, were married at Plantsville, Connecticut, on June 3, 1984. Prior to the date of the marriage, this couple cohabitated for a period of seven or eight years. The parties have one child issue of their relationship, Adrian Jason Blue, born October 11, 1978. Although their child, Adrian (hereinafter referred to as A.J.), was born prior to their marriage, the defendant admits that he is the natural father of A.J., and the court so finds that he is the father of said child, who, in addition, has been legitimized by the subsequent marriage of said parties in accordance with § 45a-438 (b)(1). A.J. is a 15 year old autistic child with the mental capacity of a 5 or 6 year old. He is unable to speak and has no fine motor skills, does not understand number or color concepts, and is unable to shower without the help of his mother. At the present time, A.J. resides with his mother, and attends Ben Haven School, in West Haven, Connecticut.
The plaintiff wife is represented by counsel. The defendant, who was previously represented by counsel, has filed a pro se appearance, and at the hearing before the undersigned, represented himself.
The plaintiff presently resides at the home which is jointly owned by the parties, at 12 Seminole Avenue, Waterbury, Connecticut. She is employed as a paralegal and earns a net weekly wage of $447.00, as disclosed in her financial affidavit, dated 5/27/94. The defendant is living apart from his wife, having been ordered out of the family dwelling by virtue of a restraining order which was granted on 11/2/92. Since that date, the parties have been living apart. The defendant is employed by the Department of Corrections as a Corrections Officer. The defendant discloses that his net weekly wage is CT Page 7307 $462.48. The plaintiff introduced evidence of the defendant's previous year's earnings, including substantial overtime. The defendant testified that he recently took a new position with the Corrections Department, which, in accordance with his testimony, is a promotion which will enhance his future advancement in the department, with hopes of higher earnings in the future. The court accepts the defendant's testimony that although his new position does not permit him any opportunity for overtime pay that his new position is a promotion, and was not done, as plaintiff suggested, in an attempt to reduce his earnings.
As to the cause of the breakdown of the marriage, the court accepts the plaintiff's testimony that the cause of the breakdown was the unfaithfulness of the defendant. The defendant admitted in testimony that he, in fact, had been unfaithful to the plaintiff. The court finds, in fact, that the marriage of the parties has broken down irretrievably. As indicated, the parties are joint owners of real property in the City of Waterbury, known as 12 Seminole Avenue. The parties have agreed that the fair market value of said property, which is subject to a $40,000.00 mortgage, is approximately $75,000.00, with some $35,000.00 in equity. In addition to this asset, the defendant had about $12,000.00 in savings, which was being held in a trustee account by the defendant's former attorney, and has been depleted by the defendant, with the permission of the plaintiff, to approximately $6,000.00. In addition, the defendant has a vested interest in a retirement pension from the State of Connecticut, the present value of which is approximately $10,000.00, which will provide a monthly income at the time the defendant is eligible to retire. Both parties have automobiles, the plaintiff a 1987 Nissan, the defendant a 1988 Pontiac. Each shall retain the ownership interest in the respective automobiles, and the other spouse shall execute whatever documents are necessary to transfer complete ownership in each other. The defendant owns a 1985 Kawasaki motorcycle. Ownership in said motorcycle shall remain with him. The plaintiff has a savings and checking account with First Federal.
The court notes that Attorney Bernard Davis filed his appearance in this matter on behalf of the State of Connecticut. The fact that Mr. Davis did not appear at the time of trial indicates to the court that there is no arrearage to the State of Connecticut, and that there are no monies presently due to CT Page 7308 the State of Connecticut.
Both parties are in relatively good health. The defendant does have a college degree. The plaintiff does not have a bachelor's degree, and hence, has less future earning capacity than the defendant. In view of the length of the marriage and the cause of the breakdown, which the court has indicated, was due to the fault of the defendant, and having reviewed the evidence in light of the other statutory criteria, including the education, occupation, sources of income, vocational skills, employability, needs of each party, and all of the other criteria, the court enters the following judgment:
1. A decree is entered on the complaint, all of its allegations having been found proven and the marriage, therefore, is dissolved.
2. Sole ownership and possession of the parties' real estate known as 12 Seminole Avenue, Waterbury, Connecticut, is awarded to the plaintiff, who shall assume the mortgage as her sole obligation, holding the defendant harmless. The court assigns title of said real estate to the plaintiff pursuant to § 46b-81 of the Connecticut General Statutes. In addition, the defendant shall execute and deliver a quit claim deed to the plaintiff, prepared by the plaintiff's attorney, which in addition to transferring title, shall contain an appropriate assumption clause in connection with the mortgage obligation. At the death of the plaintiff, her remarriage or at the time she shall cohabitate in accordance with the Statute, or at the time she shall transfer title to said real estate, whichever event shall first occur, the plaintiff shall pay to the defendant the sum of $15,000.00 without interest.
3. The parties shall retain joint custody of the minor child, with physical residence with the plaintiff mother.
4. The defendant father shall have visitation, including but not necessarily limited to overnight visitation every other weekend, from Friday at 6:00 p. m. through Sunday at 6:00 p. m. The defendant shall have rights of additional reasonable visitation which the defendant can exercise by giving adequate telephonic notice to the plaintiff so that said visitation can be arranged. In addition, the court will rely on the good faith of the parties to arrange a suitable holiday visitation schedule, to include Christmas, Christmas Eve, Thanksgiving, CT Page 7309 Easter, A.J.'s birthday, Memorial Day, 4th of July and Labor Day.
5. The court will order that the defendant husband will pay support on behalf of the minor child. The plaintiff's attorney has submitted a worksheet based on the new guidelines, which would indicate that the father would be obligated to pay the sum of $114.10 per week. However, because of the special needs of this child, a slight increase in the guidelines would be appropriate. Therefore, the court will deviate from the guidelines, and order that the defendant husband pay the sum of $125.00 per week for the support of said minor child. In addition, the defendant shall maintain medical insurance on and on behalf of said minor child, and shall pay one-half of all of the child's unreimbursed medical, dental, psychological, psychiatric and other health care expenses incurred on behalf of said minor child.
6. The defendant shall cooperate in preserving the plaintiff's COBRA rights in which she may be entitled for medical insurance continuation through the defendant's group coverage through his employer.
7. The plaintiff is awarded one-half of the present value of the husband's pension with the State of Connecticut. Plaintiff's attorney is ordered to prepare a Qualified Domestic Relations Order to effectuate this order.
8. The funds held in escrow, approximately $6,000.00 are to be divided equally between the parties, provided, however, that from the husband's one-half share, the following funds shall be deducted: $300.00 to be given to the plaintiff wife as reimbursement for her medical expenses; $400.00 to the State of Connecticut for payment of the 1992 Connecticut State Income Tax.
9. The defendant is ordered to pay as periodic alimony the sum of $50.00 weekly for a period of three (3) years. The term is non-modifiable. Wage withholding per applicable law is ordered.
10. The plaintiff wife shall be entitled to and possess all furniture, furnishings and personal property located at the family residence at 12 Seminole Avenue, Waterbury, Connecticut. CT Page 7310
11. Each party shall otherwise retain ownership of all other assets they presently possess.
12. The parties shall each be solely responsible for their respective debts, including litigation expenses attributed to this matter.
The court's time limit for alimony is designed to be rehabilitative in nature to give the plaintiff an opportunity to continue her education and/or to set aside funds for that purpose for some time in the future if she so elects.
The court shall retain continuing jurisdiction in connection with the approval of the QDRO plan, which the plaintiff's attorney must prepare and which must be approved by the court.
Judgement shall enter in accordance with the above.
/s/ Pellegrino, J. ------------- PELLEGRINO